IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JUSTIN DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No.: |
| BRIAN, INC., a Wisconsin Corporation, and CRST MALONE, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

2016L002854
CALENDAR/ROOM D
TIME 00:00
PI Motor Vehicle

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JUSTIN DAVIS (hereinafter referred to as "Plaintiff"), by and through his attorneys, Staver Law Group, P.C., complaining of the Defendants, BRIAN, INC., and CRST MALONE, INC., and states as follows:

1. That the Plaintiff, JUSTIN DAVIS, is a citizen of the City of Calumet City, County of Cook, and State of Illinois.

2. That the Defendant, BRIAN, INC., is a Wisconsin Corporation that provides shipping services nationwide.

3. That at all relevant times, Defendant BRIAN, INC. has a registered agent in Cook County, Illinois, and continues to do business in Cook County, Illinois.

4. That the Defendant, CRST MALONE, INC., is a Delaware Corporation that provides transportation services nationwide.

5. That at all relevant times, Defendant CRST MALONE, INC. has a registered agent in Cook County, Illinois, and continues to do business in Cook County, Illinois.

### COUNT I
*(Justin Davis v. Brian, Inc.)*

6. That on or about September 28, 2015, Plaintiff was operating a vehicle in a westbound direction on or about Interstate 80 near milepost 10.1, in the City of Gary, County of Lake, and State of Indiana.

EXHIBIT A

7. That on or about September 28, 2015, Shkerli Migert, as an agent of Defendant BRIAN, INC., was operating a motor vehicle owned by and on behalf of Defendant BRIAN, INC., in a westbound direction on or about Interstate 80 near milepost 10.1, in the City of Gary, County of Lake, and State of Indiana.

8. At all times herein mentioned, Shkerli Migert was acting as a duly authorized agent of Defendant BRIAN, INC.

9. That at the aforesaid time and place, a collision occurred between the motor vehicle the Plaintiff was operating and the motor vehicle that Shkerli Migert was operating when Shkerli Migert changed lanes and struck Plaintiff's vehicle.

10. That at all times material hereto it was the duty of Defendant BRIAN, INC., its agents, and employees to exercise ordinary care in the ownership, operation, maintenance, and control of said vehicle for the safety of the person and property of others there and then upon said roadway and especially the Plaintiff herein.

11. That in violation of this duty, Defendant BRIAN, INC., it's agents, and employees acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicle Laws of the State of Indiana:

   a. Operated said motor vehicle without keeping a proper and sufficient lookout;
   b. Attempted to move said motor vehicle from a single lane position without first ascertaining whether such movement could be made with reasonable safety;
   c. Failed to properly signal his intention to change lanes;
   d. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the Plaintiff;
   e. Failed to decrease the speed of said motor vehicle so as to avoid colliding with another vehicle;
   f. Failed to equip said motor vehicle with proper brakes;
   g. Failed to keep said motor vehicle under proper control and failed to stop, slow down, or otherwise alter the speed, movement or direction of said vehicle when danger of collision with another vehicle was imminent;
   h. Followed the motor vehicle which Plaintiff was in more closely than was reasonable and prudent, having no regard for the speed of traffic upon the way;
   i. Failed to give audible warning with said motor vehicle's horn of the approach of said motor vehicle, although such warning was necessary to ensure the safe operation of said vehicle;

12. That as a direct and proximate cause of Defendant's aforesaid careless and negligent acts and/or omissions, Plaintiff was caused to sustain personal injuries, to incur and pay medical and hospital expenses, and to be absent from his usual pursuits for a period of time.

WHEREFORE, the Plaintiff, JUSTIN DAVIS, prays for judgment against the Defendant, BRIAN, INC., in an amount in excess of $50,000.00 dollars, held joint and severally liable, plus court costs, attorney's fees, and for whatever other relief this court deems just and appropriate.

## COUNT II
*(Justin Davis v. CRST Malone, Inc.)*

13. That on or about September 28, 2015, Plaintiff was operating a vehicle in a westbound direction on or about Interstate 80 near milepost 10.1, in the City of Gary, County of Lake, and State of Indiana.

14. That on or about September 28, 2015, Aurora Munoz, as an agent of Defendant CRST MALONE, INC., was operating a motor vehicle owned by and on behalf of Defendant CRST MALONE, INC., in a westbound direction on or about Interstate 80 near milepost 10.1, in the City of Gary, County of Lake, and State of Indiana.

15. At all times herein mentioned, Aurora Munoz was acting as a duly authorized agent of Defendant CRST MALONE, INC.

16. That at the aforesaid time and place, a collision occurred between the motor vehicle the Plaintiff was operating and the motor vehicle that Aurora Munoz was operating when Aurora Munoz struck Plaintiff's vehicle.

17. That at all times material hereto it was the duty of Defendant CRST MALONE, INC., its agents, and employees to exercise ordinary care in the ownership, operation, maintenance, and control of said vehicle for the safety of the person and property of others there and then upon said roadway and especially the Plaintiff herein.

18. That in violation of this duty, Defendant CRST MALONE, INC., it's agents, and employees acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicle Laws of the State of Indiana:

    a. Operated said motor vehicle without keeping a proper and sufficient lookout;
    b. Attempted to move said motor vehicle from a single lane position without first ascertaining whether such movement could be made with reasonable safety;
    c. Failed to properly signal his intention to change lanes;
    d. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the Plaintiff;
    e. Failed to decrease the speed of said motor vehicle so as to avoid colliding with another vehicle;
    f. Failed to equip said motor vehicle with proper brakes;
    g. Failed to keep said motor vehicle under proper control and failed to stop, slow down, or otherwise alter the speed, movement or direction of said vehicle when danger of collision with another vehicle was imminent;
    h. Followed the motor vehicle which Plaintiff was in more closely than was reasonable and prudent, having no regard for the speed of traffic upon the way;
    i. Failed to give audible warning with said motor vehicle's horn of the approach of said motor vehicle, although such warning was necessary to ensure the safe operation of said vehicle;

19. That as a direct and proximate cause of Defendant's aforesaid careless and negligent acts and/or omissions, Plaintiff was caused to sustain personal injuries, to incur and pay medical and hospital expenses, and to be absent from his usual pursuits for a period of time.

WHEREFORE, the Plaintiff, JUSTIN DAVIS, prays for judgment against the Defendant, CRST MALONE, INC., in an amount in excess of $50,000.00 dollars, held joint and severally liable, plus court costs, attorney's fees, and for whatever other relief this court deems just and appropriate.

Respectfully submitted,

Staver Law Group, P.C.

By: _____
Tyler Kobylski
Attorney for Plaintiff

Staver Law Group, P.C.
120 W. Madison - Suite 520
Chicago, IL 60602
(312) 236-2900
Attorney ID# 57789



# Affidavit of Compliance for Service of Process on Non-resident

To effect service: please serve the Office of the Secretary of State with 2 copies of the summons, 1 copy of the complaint, and a fully executed Affidavit of Compliance. Fee: $5.

Pursuant to Section 10-301 of the Illinois Vehicle Code (Chapter 625, Section 5/10-301, Illinois Compiled Statutes, Service of Process on Non-resident), the undersigned states that:

1. I am (plaintiff/attorney for plaintiff) in the following named case:

   JUSTIN DAVIS vs. BRIAN, INC. No. 16 L 2854
   First Named Plaintiff      Defendant to be Served

2. This cause of action arises from the use and operation, by the defendant to be served or his duly authorized agent or employee, of a vehicle over or upon the highways of the State of Illinois, which resulted in damage or loss to the person or property of (the undersigned/client of the undersigned). (Strike inapplicable term.)

3. The defendant to be served through the Secretary of State falls under one of the following: (check appropriate box)

   a) [✓] At the time of the accident the defendant was and remains a non-resident of this state, or

   b) [ ] Was a resident of this state at the time the cause of action arose but has subsequently become a non-resident of this state, or

   c) [ ] At the time the cause of action arose, the vehicle was owned by a non-resident and was being operated over and upon the highways of this state with the owner's express or implied permission.

4. The undersigned makes this affidavit for the purpose of inducing the Secretary of State to accept service of process on behalf of the named defendant herein according to the provisions of Section 10-301 of the Illinois Vehicle Code. These provisions are applicable to the instant proceeding. The undersigned has complied with and will continue to comply with all of the requirements of said Section. Further, these provisions require notice of such service and a copy of the process to be sent by registered mail within 10 days by the plaintiff to the defendant at his/her last known address, with the plaintiff's Affidavit of Compliance appended to the summons.

5. The undersigned is aware that **any person instituting any action**, suit or proceeding who uses Section 10-301 of the Illinois Vehicle Code to effect service of process, **shall be liable for attorney's fees and costs** of the defendant **if the court finds that the person instituting the action knew or should have known that this section is not applicable for effecting service in such action.**

The undersigned affirms, under penalties of perjury, that the facts stated herein are true.

_____   3/18/16
Signature of Affiant                Date

Subscribed before me this 18 day of MARCH, 2016.

_____
Notary Public

OFFICIAL SEAL
TYLER KOBYLSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/24/18

Printed by authority of the State of Illinois. December 2004 – 1 – EX-3

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/31/15) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JUSTIN DAVIS

(Name all parties)

v.

BRIAN, INC., and CRST MALONE, INC.

No. _____

2016L002854
CALENDAR/ROOM D
TIME 00:00
PI Motor Vehicle

☒ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602
☐ District 2 - Skokie         ☐ District 3 - Rolling Meadows   ☐ District 4 - Maywood
  5600 Old Orchard Rd.          2121 Euclid 1500                  Maybrook Ave.
  Skokie, IL 60077              Rolling Meadows, IL 60008         Maywood, IL 60153
☐ District 5 - Bridgeview     ☐ District 6 - Markham            ☐ Child Support: 50 W.
  10220 S. 76th Ave.            16501 S. Kedzie Pkwy.             Washington, LL-01,
  Bridgeview, IL 60455          Markham, IL 60428                 Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☒ Atty. No.: 57789
Name: STAVER LAW GROUP, P.C.
Atty. for: PLAINTIFF
Address: 120 W. MADISON
City/State/Zip Code: CHICAGO, IL 60602
Telephone: 312-236-2900
Primary Email Address:
STAVER@CHICAGOLAWYER.COM
Secondary Email Address(es):

Witness: _____

DOROTHY BROWN  MAR 1 8 2016
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

(SEAL)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1